UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

Marc A. Moise,                                              Chapter 7
                                                           Case No.: 15-73102-ast


                              Debtor.
--------------------------------------------------------x
Marc A. Moise,

                              Plaintiff,

        -against-                                          Adv. Pro. No.: 16-08114-ast

Ocwen Loan Servicing LLC,

                              Defendant.
--------------------------------------------------------x

## <u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u>

Pending before the Court is the Rule 12(b)(6) motion (the "Motion to Dismiss") of

defendant, Ocwen Loan Servicing LLC ("Ocwen" or "Defendant") [dkt items 6, 7, 8] to dismiss

this adversary proceeding (the "Complaint") commenced by plaintiff-debtor, Marc A. Moise

("Plaintiff" or "Debtor" or "Moise").   [dkt item 1]   Mr. Moise has filed multiple actions in state

court interspersed with multiple bankruptcy filings and multiple adversary proceedings, and fits

the definition of a vexatious litigant.   For the reasons set forth herein, the Court grants

Defendant's Motion to Dismiss.   Additionally, while Moise may appeal from this Order, he may

not commence any other litigation in this or any other federal court seeking to challenge the

Foreclosure Judgment, or standing of the parties to that Foreclosure Judgment to enforce the

Note or Mortgage.

1

## JURISDICTION

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (K) and (O), and 1334(b), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Findings of fact and conclusions of law are not required on a Rule 12(b)(6) motion, and this Court accepts as true all properly plead factual allegations in the complaint and draws all inferences in favor of the plaintiff for the purposes of deciding this motion.

## BACKGROUND AND PROCEDURAL HISTORY[1]

At its core, Debtor's adversary proceeding is an effort to collaterally attack a final judgment of a New York state court and re-litigate an adversary proceeding this Court dismissed on July 26, 2016, [15-08265; dkt item 43] in connection with Debtor's loss of his property located at 644 Edgemere Avenue, Uniondale, New York 11550 (the "Property").

### *State Court Litigation*

IndyMac, F.S.B., ("IndyMac") brought a foreclosure action in the Supreme Court of New York, Nassau County (the "State Court") on July 3, 2008, to foreclose on the Property. IndyMac served the Summons and Complaint on Moise and he failed to Answer.   Based thereon, thereon, IndyMac moved on December 1, 2008 for a Judgment of Foreclosure and Sale.[2]   In an Order dated June 2, 2009, the Honorable Edward G. McCabe ("Justice McCabe") of the

---

[1]  The factual background and procedural history are derived from the pleadings and exhibits submitted by the parties.

[2]  *See* Declaration of Nicholas A. Corsano ("Corsano") in Support of Defendant Ocwen's Motion to Dismiss Plaintiff's Adversary Complaint ("Corsano Decl."), ¶ 4, Exhibit A.

State Court determined "that all the Defendants, herein have been duly served with the Summons and Verified Complaint, and/or have duly appeared herein, that the time to answer or move with respect to the Verified Complaint has expired as to each and all of said Defendants." Justice McCabe entered a judgment for foreclosure and sale (the "Foreclosure Judgment") on June 22, 2009,[3] which was docketed with the clerk of court on June 29, 2009. IndyMac served Moise with the Notice of Entry of the Foreclosure Judgment, which was filed on July 20, 2009.[4]

Under N.Y. CPLR § 5513(a), Moise's 30-day time limit to appeal the June 22, 2009 Foreclosure Judgment began to run from the date of service, July 20, 2009. As of August August 19, 2009, Moise failed to file an appeal of the Foreclosure Judgment and as a result, forfeited his appealable rights. As such, IndyMac was allowed to proceed with the foreclosure.[5]

After his time to appeal had run, Moise moved to vacate the Foreclosure Judgment by filing an Order to Show Cause ("OSC 1") on March 1, 2010. However, by Order dated March 17, 2010, the Honorable Thomas A. Adams ("Justice Adams") of the State Court denied Moise's OSC 1. In his ruling, Justice Adams stated that the "movant's (Defendant-Appellant) Appellant) conclusory claims with respect to a failure to serve are insufficient to overcome the evidentiary value which must be afforded the affidavit of service, citing *Wells Fargo Bank N. A. v. McGloster*, 48 A.D.3d 457 (N.Y. App. Div. 2008)."[6]

---

[3] *Id.*, ¶ 5, Exhibit B.
[4] *Id.*, ¶ 6, Exhibit C.
[5] *Id.*, ¶ 7.
[6] *Id.*, ¶ 8, Exhibit D.

On October 4, 2010, Moise filed another Order to Show Cause seeking to vacate the Foreclosure Judgment ("OSC 2").   While OSC 2 was pending, on October 11, 2010, Moise filed an Order to Show Cause for a preliminary injunction and temporary restraining order to stay the sale of the Property ("OSC 3").   On November 8, 2010, Justice Adams of the State Court  issued an  Order denying OSC 2 and OSC 3, noting that Moise failed to make any showing that would justify the State Court altering its previous determinations not to vacate the Foreclosure Judgment, and that Moise failed to establish a right to a preliminary injunction staying the sale of the Property.[7]

On July 6, 2011, Moise filed a Motion to Reargue and to stay the action pending discovery, or, in the alternative, to dismiss the action pursuant to N.Y. CPLR §§ 2221, 2201 and 3211 and set aside service of the Summons and Compliant ("OSC 4").   In an Order dated October 27, 2011, Justice Adams denied Moise's OSC 4 in its entirety (the "October 27 Order").  Further, Justice Adams stated:

> The Defendant [Moise] has filed multiple applications for essentially the same relief, all of which have been previously denied.  Based upon this pattern of filing duplicative motions for the same or similar relief, the Plaintiff's [IndyMac] request is granted to the extent the Defendant [Moise] is hereby instructed to refrain from filing further motions in this action, absent the prior authorization from this Court.[8]

Moise appealed the October 27 Order to the Appellate Division, Second Department. On June 19, 2013, the Appellate Division issued a decision and Order dismissing Moise's appeal "as no appeal lies from an order denying leave to reargue," citing *Neunteufel v. Nelnet*

---

[7] *Id.*, ¶ 9, Exhibit E.
[8] *Id.*, ¶ 10, Exhibit F.

4

*Loan Servs., Inc.,* 104 A.D.3d 657 (2nd Dep't 2013), *Koufalis v. Logreira*, 102 A.D.3d 750 (2nd

Dep't 2013), and *Matter of Coregis Ins. Co. v. Miceli*, 295 A.D.2d 511 (2nd Dep't 2002).

*Indymac Bank, F S.B. v. Moise*, 107 A.D.3d 851 (2nd Dep't 2013).[9]

In violation of the pre-filing restraint provisions contained in the October 27 Order,

Moise filed yet another motion on November 21, 2014 pursuant to N.Y. CPLR § 3404,

requesting IndyMac's action be denied as abandoned ("OSC 5").   Moise asserted that on

October 24, 2012, the Calendar Clerk of the State Court disposed of the case and marked it off

the Calendar as inactive and wanting of prosecution pursuant to CPLR § 3404.   On February 20,

20, 2015, Justice Adams once again denied Moise's request for relief in its entirety, noting that

there was no evidence that the matter was marked off for failure to prosecute under CPLR §

3404.[10]

On March 31, 2015, Moise filed an Order to Show Cause in the Appellate Division,

Second Department ("OSC 6"), by which he sought to stay all foreclosure proceedings in the

underlying matter, including the foreclosure sale scheduled for April 7, 2015, and dismissal of

the action as abandoned, stricken from the calendar and for want of prosecution.[11]   On April 10,

2015, IndyMac filed opposition.[12]   On April 17, 2015, the Appellate Division, Second

Department issued an Order denying Moise's OSC 6.[13]   On November 12, 2015, IndyMac filed

and served its Notice of Entry of the Appellate Division's April 17, 2015 Order.[14]   IndyMac

served its Notice of Entry on both Moise, as he had filed OSC 6 *pro se,* and on Moise's counsel

---

[9] *Id.*, ¶ 11, Exhibit G.
[10] *Id.*, ¶ 12, Exhibit H.
[11] *Id.*, ¶ 13, Exhibit I.
[12] *Id.*, ¶ 14, Exhibit J.
[13] *Id.*, ¶ 15, Exhibit K.
[14] *Id.*, ¶ 16, Exhibit L.

of record.[15]

Ocwen Loan Servicing, LLC holds a limited power of attorney (the "Power of Attorney") to represent the interests of IndyMac Mortgage Services, a wholly-owned division of CIT Bank, N.A., a national bank f/k/a One West Bank, N.A. f/k/a OneWest Bank, FSB, ("IMS") dated October 16, 2015.[16]    The Power of Attorney provides that Ocwen is authorized on behalf of IMS IMS to "pursue any deficiency, debt or other obligation, secured or unsecured, including but not limited to those arising from foreclosure or other sale…"

Ocwen asserts that it is in physical possession of the note and mortgage encumbering the Property and that they are available for inspection at its Counsel's offices.[17]

## *Prior Bankruptcy Cases and Adversary Proceeding*

Debtor has commenced three (3) prior bankruptcy proceedings, as well as two (2) prior adversary proceedings effecting the Property.    On November 16, 2009, Debtor commenced a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, assigned case no. 09-78821 ("Bankruptcy 1").    On January 4, 2010, Bankruptcy 1 was dismissed for Debtor's failure to comply with his obligations under 11 U.S.C. § 521(i).   [09-78821; dkt items 14, 15] Bankruptcy 1 was subsequently closed on January 28, 2010, without Debtor receiving a discharge.   [09-78821; dkt item 18]

On April 20, 2010, Debtor commenced another voluntary petition for relief under Chapter 13, assigned case no. 10-72850 ("Bankruptcy 2").    On July 20, 2010, IndyMac filed a motion for relief from the automatic stay as to the Property.   [10-72850; dkt item 29]   On

---

[15] *Id.*, ¶ 16.
[16] *Id.*, ¶ 21, Exhibit P.
[17] Defendant's Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss. [dkt item 22]

August 26, 2010, Bankruptcy 2 was dismissed due to Debtor's failure to comply with his obligations as a debtor; in light of that dismissal, IndyMac's motion for relief from stay was marked off the Court's calendar without hearing.   [10-72850; dkt item 35]   Bankruptcy 2 was subsequently closed on October 4, 2010, without Debtor receiving a discharge.   [10-72850; dkt item 38]

On June 26, 2014, Debtor commenced a third Chapter 13 case, assigned case no. 14-72961 ("Bankruptcy 3").   In Bankruptcy 3, Debtor commenced an adversary proceeding, similar to the current adversary proceeding, assigned adversary no. 14-08220 (the "First Adversary"). On December 3, 2014, Bankruptcy 3 was dismissed, again due to Debtor's failure to comply with his obligations as a debtor.   [14-72961; dkt item 40]   This Court then dismissed the First Adversary without prejudice on December 4, 2014, as a result of the dismissal of Debtor's main bankruptcy case. [adv pro no 14-08220; dkt item 18]   Bankruptcy 3 was subsequently closed on June 17, 2015, without Debtor receiving a discharge.   [14-72961; dkt item 43]

### *Current Bankruptcy Case and Adversary Proceedings*

Debtor filed this chapter 7 case, his fourth bankruptcy case, on July 23, 2015.   [15-73102; dkt item 1]

On September 1, 2015, the Chapter 7 trustee designated Debtor's chapter 7 case a "no asset" case.   Debtor subsequently received his discharge on October 21, 2015.   [15-73102; dkt item 16]

On September 24, 2015, Debtor commenced an adversary proceeding (the "Second Adversary") against IndyMac similar to both the First Adversary and the instant adversary

proceeding.   [15-08265; dkt item 1]   In the Second Adversary, Debtor asserted the following

ten (10) causes of action against IndyMac: (1) IndyMac is not the original holder of the note; (2)

IndyMac is not a party in interest pursuant to 11 U.S.C. § 1109(b) of the Bankruptcy Code; (3)

IndyMac is not a "holder in due course" of the underlying note to the Property; (4) IndyMac has

failed to show that it is the holder of the note; (5) the assignment of the mortgage was invalid; (6)

MERS lacked authority to assign the underlying note; (7) IndyMac is not the proper defendant,

but rather Freddie Mac is the proper party; (8) Plaintiff tendered full payment of its obligations

under the note to IndyMac in good faith pursuant to Uniform Commercial Code Sections 2-511

and 3-604 and Plaintiff demanded adequate assurance of future performance pursuant to UCC –

Part 6 - section 2-609 of IndyMac's performance of its obligations under the contract note

agreement to deliver marketable title; (9) the equity of redemption; and (10) Plaintiff's attorneys'

fees, actual damages, statutory damages, punitive damages, treble damages, and an injunction.

In essence, despite the numerous proceedings before the State Court, Plaintiff sought a

declaratory judgment invalidating the note and mortgage he signed which created a lien against

the Property.

On March 14, 2016, IndyMac filed its Motion to Dismiss the Second Adversary.   [15-08265; dkt items 15, 16, 17]   Thereafter, the parties filed a number of objections and replies.

[15-08265; dkt items 21-30, 32-34, 36-38, 39, 40, 41]

On July 26, 2016, the Court entered an Order granting IndyMac's Motion to Dismiss the

Second Adversary.   [15-08265; dkt item 43]

On August 12, 2016, the Second Adversary was closed.

No appeal was filed from the Order granting the IndyMac Motion to Dismiss.

Shortly after the Court dismissed the Second Adversary, on August 8, 2016, Debtor, acting *pro se*, commenced this adversary proceeding against Ocwen.   [dkt item 1]   Debtor asserts the following seven (7) causes of action against Ocwen which overlap substantially with those dismissed in the Second Adversary: (1) Defendant is not the original holder of the note; (2) Defendant is not a party in interest pursuant to 11 U.S.C. § 1109(b) of the Bankruptcy Code; (3) Defendant is not a "holder in due course" of the underlying note to the Property; (4) the Power of Attorney is defective; (5) the assignment of the mortgage and Power of Attorney are not properly authenticated; (6) the Board of Directors of CIT bank did not authorize the assignment of the mortgage to Defendant; and (7) Plaintiff's attorneys' fees, actual damages, statutory damages, punitive damages, treble damages, and an injunction.

On August 29, 2016, Defendant filed its Motion to Dismiss and requested the Court enter a filing injunction against Moise to protect Defendant from further vexatious litigation.

On September 8, 2016, Plaintiff filed a response and request for an extension of time to allow Plaintiff to obtain counsel and file an answer to the Motion to Dismiss.   [dkt item 9]

On November 4, 2016, Plaintiff filed a second motion to extend time to obtain counsel and respond to the Motion to Dismiss (the "Motion to Extend").   [dkt item 11]

On November 8, 2016, Defendant filed an opposition to the Motion to Extend.   [dkt item 12]

On November 17, 2016, the Court entered an Order granting the Motion to Extend.   [dkt item 15]

On December 8, 2016, Plaintiff, represented by counsel, filed a cross-motion and opposition to the Motion to Dismiss and a request that the Court expunge the mortgage and

9

power of attorney.   [dkt item 18]   On December 9, 2016, Plaintiff filed a further opposition to the Motion to Dismiss (together "Plaintiff's Opposition").   [dkt item 19]

On December 29, 2016, Defendant filed a reply to Plaintiff's Opposition ("Defendant's Reply").   [dkt item 22]

On January 12, 2017, Plaintiff filed a response to Defendant's Reply.   [dkt items 23, 24]

## LEGAL ANALYSIS

### *Standard Applicable to a Motion to Dismiss*

This Court has previously addressed the application of Rule 12(b) and the flexible plausible pleading standard established by the Supreme Court in several published decisions. *See Devices Liquidation Trust v. Pinebridge Vantage Partners (In re Pers. Commun. Devices, LLC)*, 528 B.R. 229, 233-34 (Bankr. E.D.N.Y. 2015); *Moxey v. Pryor (In re Moxey)*, 522 B.R. 428, 437-38 (Bankr. E.D.N.Y. 2014); *In re Ippolito*, 2013 WL 828316, at *3-4 (Bankr. E.D.N.Y. Mar. 6, 2013), discussing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) (pleading standard for a § 1983 claim) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007) (pleading standard for anti-trust conspiracy claim); *see also In re Int'l Tobacco Partners, Ltd.,* 462 B.R. 378, 385 (Bankr. E.D.N.Y. 2011); *In re Jones*, 2011 WL 1549060, at *2-3 (Bankr. E.D.N.Y. Apr. 21, 2011); *In re Coletta*, 391 B.R. 691, 693-94 (Bankr. E.D.N.Y. 2008).

Under the U.S. Supreme Court's *Iqbal/Twombly* analysis, to survive a motion to dismiss, a complaint must contain sufficient factual matter, which, when accepted as true, is adequate to "state a claim to relief that is plausible on its face".   *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the relief sought. *Iqbal*, 556

U.S. at 678; *Twombly*, 550 U.S. at 556.   The plausibility standard "asks for more than a sheer possibility that a defendant has acted" so as to create liability. *Iqbal*, 556 U.S. at 678.   Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal citations omitted)).

Neither *Iqbal* nor *Twombly* departed from the standard that, in considering a Rule 12(b)(6) motion, a court is to accept as true all factual allegations in the Complaint and draw all inferences in favor of the plaintiff.   *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-56; *see also Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).   However, as the Supreme Court stated in *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678.   Moreover, a court need not "accept as true a legal conclusion couched as a factual allegation," and "[d]etermining whether a complaint states a plausible claim for relief will [. . .] be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Id*. at 678-79. (citing FED. R. CIV. P. 8(a)(2)).

When a complaint alleges fraud or mistake, it must also satisfy the heightened pleading requirements of Rule 9(b), made applicable here by FED. R. BANKR. P. 7009. *See* FED R. CIV. P. 9(b); *see American Express Travel Related Servs. Co. v. Henein (In re Henein)*, 257 B.R. 702, 706 (E.D.N.Y. 2001).   Rule 9(b) requires that an allegation of fraud be pled with "particularity," "particularity," including specific facts regarding "the alleged fraudulent statements, identity of the speaker, time and place of the statements, and nature of the misrepresentation." *Id.* (citing *Acito v. IMCERA Group*, 47 F.3d 47, 51-52 (2d Cir. 1995)).   With respect to fraudulent intent,

"state of mind can be 'averred generally,' " but the movant "must allege facts that give rise to a strong inference of fraudulent intent." *Id*. (internal citations omitted).

In deciding the Motion to Dismiss, this Court must limit its review to facts and allegations contained in the Complaint, documents incorporated into the Complaint by reference or attached as exhibits, and matters of which this Court may take judicial notice.  *Blue Tree Hotels, Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *see also, Int'l Tobacco Partners, Ltd.,* 462 B.R. at 385 ("courts may consider documents that are integral to the complaint in deciding a motion to dismiss"); *Moxey*, 522 B.R. at 437-38.   Because the relevant orders and Foreclosure Judgment entered in connection with the Property have been provided to the Court, the Court need not consider the competing affidavits of either the Plaintiff or Defendant.

As discussed in greater detail below, Plaintiff's claims in this adversary proceeding are nothing more than a "do over" of the adverse rulings issued against Plaintiff in the state court litigation and by this Court.

### ***Plaintiff's Claims are Barred by the Rooker-Feldman Doctrine***

Plaintiff's causes of action in the Complaint that relate to the enforceability of the Foreclosure Judgment are barred by the *Rooker-Feldman* doctrine, which bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "Underlying the *Rooker-Feldman* doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court

decisions." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). *Rooker-Feldman* applies to cases satisfying a four part test: (1) the federal-court plaintiff lost in state court; (2) the plaintiff "must complain of injuries caused by a state-court judgment"; (3) the plaintiff "must invite [federal] court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the [federal] court proceedings commenced". *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (quoting *Hoblock*, 422 F.3d at 85).   *Rooker-Rooker-Feldman* applies to the instant case as Debtor lost in state court on multiple occasions; Debtor is complaining of injuries allegedly caused by the Foreclosure Judgment which allegedly resulted from the adverse outcome of the traverse hearing; Debtor is requesting that this Court review and set aside the results of the traverse hearing; and the results of the traverse hearing occurred well before Debtor's current bankruptcy case commenced.   This Court, therefore, lacks lacks subject matter jurisdiction to consider any challenge to the results of the traverse hearing. *See In re 231 Fourth Avenue Lyceum, LLC*, 506 B.R. 196, 206-208 (Bankr. E.D.N.Y. 2014); *In re Moxey*, 522 B.R. at 441 (finding *Rooker-Feldman* applies to judgment of foreclosure as debtor lost in state court traverse hearing.)

The *Rooker-Feldman* doctrine bars Plaintiff's Complaint as the instant action is nothing more than an attempt to improperly use the United States Bankruptcy Court as a state appellate court.   "A district court lacks any authority to review final judgments of a state court." *Jones v. National Communication and Surveillance Networks*, 409 F. Supp.2d 456, 469 (S.D.N.Y. 2006).   State court losers cannot hope to redeem themselves and obtain an inconsistent result by commencing a federal action inviting a district court to review and reject a state court judgment. *See Exxon Mobil Corp.,* 544 U.S. 280 (2005).

In addition to claims that involve direct review of a state court action, the *Rooker- Feldman* doctrine also bars "claims that are 'inextricably intertwined' with a state court decision." *Pharr v. Evergreen Garden, Inc.,* 123 Fed. Appx. 420, 422-23 (2d Cir. 2005). Under *Rooker-Feldman*, "a plaintiff may not institute an action in federal district court that either: (1) directly challenges the holding or decision of a State court, or (2) indirectly challenges the holding or decision of a State court by raising issues in federal court that are 'inextricably intertwined' with the State court's decision." *Smith v. Weinberger, P.C.,* 994 F. Supp. 418, 423 (E.D.N.Y. 1998). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Pennzoil Co. v. Texaco,* 481 U.S. 1, 25 (1987); *In re Sanders,* 408 B.R. 25, 33 (Bankr. E.D.N.Y. 2009) ("[t]he Rooker-Feldman doctrine 'strips federal subject matter jurisdiction over lawsuits that are, in substance, appeals from state court decisions.' ").

Here, the issues of standing and the other causes of action asserted in the Complaint were determined by virtue of the Foreclosure Judgment.   It is indisputable that: (1) there was a state foreclosure action entitled *IndyMac Bank F.S.B. v. Marc Moise et al.*, Index No.: 12287/2008 ("Foreclosure Litigation"); (2) Plaintiff was the defendant in the Foreclosure Litigation; (3) Plaintiff lost in the Foreclosure Litigation; (4) Justice McCabe awarded IndyMac a foreclosure judgment dated June 22, 2009 and authorized IndyMac to sell the Property; and (5) Plaintiff commenced the instant action six years after entry of the Foreclosure Judgment seeking to contest the same issues already decided by the Foreclosure Judgment and in denial of the multiple OSC's.    "Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine." *Feinstein v. The*

14

*Chase Manhattan Bank*, 2006 WL 898076 at *2 (E.D.N.Y. 2006); *see also Weinberger*, 994 F. Supp. at 424 ("Rooker-Feldman barred consideration of claim that would require a district court order declaring invalid New York State judgment of foreclosure…."); *Moxey*, 522 B.R. at 440-41; *Trakansook v. Astoria Fed. Sav. & Loan Ass'n,* 2008 WL 4962990, at *1 (2d Cir. 2008) (affirming that district court lacked jurisdiction to hear claim under *Rooker-Feldman* doctrine because the claim "complains of injury from a state-court judgment and seeks to have that state-court judgment reversed"); *In re Wilson,* 410 Fed. Appx. 409, 410 (affirming the district court's application of the *Rooker-Feldman* doctrine because of the connection between plaintiff's federal complaint and the prior state court foreclosure judgment); *Done v. Wells Fargo, N.A.*, 2013 WL 3785627, at *7 (E.D.N.Y. 2013) (concluding that the *Rooker-Feldman* doctrine applies because plaintiff's complaint seeks to undermine the state court foreclosure judgment); *Swiatkowski v. Citibank,* 446 Fed. Appx. 360, 361 (2d Cir. 2011) (affirming the district court's application of the *Rooker-Feldman* doctrine because plaintiff's attack on the validity of the proof of claim depended on the validity of the underlying state court foreclosure judgment); *Ford v. U.S. Dept. of Treasury I.R.S.,* 50 Fed. Appx. 490 (2d Cir. 2002) (holding that *Rooker-Feldman* barred plaintiff's attempt to seek reversal of the state court foreclosure judgment); *In re Demarais,* 2008 WL 3286218, *4 at n.6 (Bankr. N.D.N.Y. 2008) (noting that vacatur of the underlying "Judgment of Foreclosure and Sale would be inappropriate under the *Rooker-Feldman* doctrine").    Plaintiff is attempting to reverse the state court Foreclosure Judgment through his argument that the Power of Attorney and assignment of mortgage are invalid.   Plaintiff argues that the State Court did not address the Power of Attorney, thus it is not not subject to *Rooker-Feldman*.   However, Plaintiff's argument is inextricably intertwined with the state court Foreclosure Judgement.   Thus, this action must be dismissed in its entirety, with

15

prejudice, under the *Rooker-Feldman* Doctrine.

### *Plaintiff's Claims are also Barred under Res Judicata*

Under the doctrine of *res judicata,* "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Saudi v. The Bank of New York*, 929 F.2d 916, 918 (2d Cir. 1991). Claims involving the same subject matter as prior claims that were litigated to judgment on the merits must be dismissed under the doctrine of *res judicata*.[18] *See O'Brien v. City of Syracuse*, 445 N.Y.S.2d 687, 688 (1981); *Fifty CPW Tenants Corp. v. Epstein*, 792 N.Y.S.2d 58, 59 (1st Dep't 2005); *Fogel v. Oelmann*, 76 N.Y.S.2d 76, 77 (2d Dep't 2004); *Yang v. Korea First Bank*, 668 N.Y.S.2d 363, 364 (1st Dep't 1998) (finding that plaintiff's present claims of fraud and malfeasance were barred by *res judicata* because they could have been, but were not, raised as a defense in the prior foreclosure action).

"The doctrine of *res judicata,* or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.' " *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284-85 (2d Cir. 2000) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction of series of transactions is at issue, whether the same evidence is needed to support both claims,

---

[18] "[T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred ...." *In re Sokol*, 113 F.3d 303, 306 (2d Cir. 1997); *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003) ("Where there is a final state court judgment, a federal court looks to that state's rules of res judicata to determine the preclusive effect of that judgment."); *Burka v. New York City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994) ("[A] state court judgment has the same preclusive effect in federal court as the judgment would have had in state court.")

and whether the facts essential to the second were present in the first." *Id.* at 285 (quoting *NLRB v. United Technologies Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983)).

To establish *res judicata*, "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Id.* (citing *Allen*, 449 U.S. at 94).

New York's transactional approach to *res judicata* is well-established. "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *O'Brien,* 445 N.Y.S.2d at 688. All of Plaintiff's claims in this action arise out of the same transaction that was the subject of the Foreclosure Litigation: specifically, the foreclosure and enforcement of the note and mortgage.

Further, state and federal courts in New York have considered and rejected similar attempts to challenge foreclosure judgments through subsequent litigation. *See Gray v. Bankers Trust Co. of Albany, NA.*, 442 N.Y.S.2d 610, 612 (3d Dep't 1981) ("judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded"); *83-17 Broadway Corp. v. Debcon Fin. Servs., Inc.*, 835 N.Y.S.2d 602, 603-604 (2d Dep't 2007) (judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or which might have been litigated in the foreclosure action are concluded even where judgment is obtained by default and the default has not been vacated); *New Horizon Investors, Inc. v.*

17

*Marine Midland Bank, N.A.*, 669 N.Y.S.2d 666, 667 (2d Dep't 1998) (same); *Dae Yang v. Korea First Bank*, 247 A.D.2d at 237-38 (1ˢᵗ Dep't 1998) (plaintiffs' present claim barred by *res judicata* because it could have been raised in the first action where defendants obtained a default judgment which was not vacated); *In re Parade Place, LLC*, Case No. 13-13160 (MG), Adv. Pro. No. 13-01556 (MG), 2014 WL 292181, at *4 (Bankr. S.D.N.Y. Jan. 27, 2014) (adversary complaint dismissed with prejudice on *res judicata* grounds where plaintiff had the opportunity to but failed to litigate the foreclosure action and defendant obtained a default judgment prior to commencement of adversary proceeding).    Courts have held that "[a] judgment of foreclosure and sale obtained by default constitutes a decision on the merits." *Niles v. Wilshire Inv. Group, LLC*, 859 F.Supp.2d 308 (E.D.N.Y. 2012) (internal citations and quotations omitted); *see also Richter v. Sportsmans Properties, Inc.*, 82 A.D.3d 733, 734 (2d Dep't 2011) ("a judgment by default which has not been vacated is conclusive for res judicata purposes….").    While there are certain circumstances in which a default judgment may not give rise to *res judicata* and collateral estoppel, this is clearly not such a case.    *See In re Ferrandina*, 533 B.R. 11, 24-26 n. 14 -15 (Bankr. E.D.N.Y. 2015).

Here, Plaintiff cannot avoid the preclusive effect of the Foreclosure Judgment under the guise of raising new theories of liability that could have been raised in the Foreclosure Litigation. Plaintiff's claim that the note and mortgage are neither valid nor enforceable arise from the same transaction at issue in the Foreclosure Litigation.    The State Court determined that IndyMac held a valid mortgage and was entitled to foreclosure under the Note and Mortgage based on Plaintiff's payment defaults. By failing to challenge IndyMac's standing to commence the foreclosure action in the Foreclosure Litigation through an answer or timely

filed pre-answer motion to dismiss, Plaintiff relinquished his right to raise "standing" as a defense to the foreclosure and he cannot raise it before this Court in his bankruptcy proceeding. *See Wells Fargo Bank, N.A. v. Erobobo*, 127 A.D.3d 1176, 1177-1178 (2d Dep't 2015) (defendant waived lack of standing defense by failing to raise it in defendant's answer or pre-motion to dismiss); *Bank of New York v. Alderazi*, 951 N.Y.S.2d 900 (2d Dep't 2012) (defendants waived the defense of lack of standing because they failed to answer the complaint or file a pre-answer motion to dismiss); *Citimortgage, Inc. v. Rosenthal*, 931 N.Y.S.2d 638, 639-40 (2d Dep't 2011) (motion to vacate judgment of foreclosure and sale properly denied as defendants did not make pre-answer motion to dismiss or raise lack of standing as a defense in answer); *JPMorgan Chase Bank, N.A. v. Strands Hair Studio*, 923 N.Y.S.2d 670, 671 (2d Dep't 2011) (third-party defendant "waived her right to raise [standing] at all subsequent phases of the litigation pursuant to CPLR 3211(e)" because she failed to raise the issue of the plaintiff's standing in a pre-answer motion to dismiss or as an affirmative defense in her answer); *Deutsche Bank Nat'l Trust Co. v. Hussain*, 78 A.D.3d 989, 912 N.Y.S.2d 595, 596 (2d Dep't 2010) (same); *U.S. Bank Nat'l Assn. v. Eaddy*, 79 A.D.3d 1022 (2d Dep't 2010) (same); *HSBC Bank, USA v. Dammond*, 875 N.Y.S.2d 490, 491 (2d Dep't 2009) ("having failed to interpose an answer or file a timely pre-answer motion which asserted the defense of standing, the [Borrower] waived such defense…."); *Deutsche Bank Nat'l Trust Co. v. Young*, 886 N.Y.S.2d 619 (2d Dep't 2009); *Dougherty v. City of Rye*, 483 N.Y.S.2d 999, 1001 (1984) (lack of standing defense waived as it was not asserted in answer or in a pre-answer motion to dismiss). Further, the State Court determined that the defendants to the Foreclosure Action, which included the Plaintiff

19

herein, "are forever barred and foreclosed of all right, title, claim, lien, and equity of redemption in the said mortgaged premises and in each and every part and parcel thereof." *See* Corsano Decl., Exhibit B.

Accordingly, Plaintiff is forever barred from raising standing and/or asserting any right, title and interest in the Property.

### The Law of The Case Doctrine Also Applies to the Current Motion To Dismiss

Claims dismissed in a prior court decision are barred by the law of the case doctrine. That doctrine provides that "[w]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983); *see also De Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009); *In re AMR Corp.*, 567 B.R. 247, 254 (Bankr. S.D.N.Y. 2017); *In re Montagne*, No. 08-1024, 2010 WL 271347, at *5 (Bankr. D. Vt. Jan. 22, 2010). "The doctrine of law of the case comes into play only with respect to issues previously determined." *Quern v. Jordan*, 440 U.S. 332, 347, n. 18, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). *See also In re Belmonte*, 524 B.R. 17, 26 (Bankr. E.D.N.Y. 2015); *In re Renz*, 476 B.R. 382, 388 (Bankr. E.D.N.Y. 2012). It "is concerned with the extent to which law applied in a decision at one stage of litigation becomes the governing principle in later stages of the same litigation ... Questions regarding application of law of the case arise when a party directly attacks a decision by attempting to have it corrected, annulled, reversed, vacated or declared void by the court that made it." *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 148 (2d Cir. 1999).

The law of the case doctrine applies to different adversary proceedings filed within the same main bankruptcy case. *See, e.g., Cohen v. Bucci*, 905 F.2d 1111, 1112 (7th Cir. 1990) (stating that "[a]dversary proceedings in bankruptcy are not distinct pieces of litigation; they are components of a single bankruptcy case"); *In re Terrestar Corp.*, No. 16 CIV. 1421 (ER), 2017 WL 1040448, at *4 (S.D.N.Y. Mar. 16, 2017); *Artra Group, Inc. v. Salomon Bros. Holding Co.*, 1996 WL 637595 at *5 (N.D. Ill. Oct. 31, 1996) (holding that law of the case doctrine covers both litigation in main case and in adversary proceeding); *Montagne*, 2010 WL 271347, at *6.

Thus, the Order granting the Motion to Dismiss the ten (10) causes of action Moise asserted in the Second Adversary is applicable to this adversary proceeding pursuant to the law of the case doctrine. [15-08265; dkt item 43] Both adversaries were filed in the same main bankruptcy case, arose from Plaintiff's attempt to re-litigate the state Foreclosure Judgement related to the Property, and have substantially similar claims. In the Second Adversary, the Court decided, among other things, that *Rooker-Feldman* and *res judicata* barred Plaintiff's claims. Thus the law of the case doctrine bars Moise from re-litigating all of the claims that were dismissed in the Second Adversary.

### *Miscellaneous Allegations of Debtor*

The Court will briefly address certain of Plaintiff's specific claims in turn.

i.        Party in Interest

It is undisputed that IndyMac was granted an Order of Judgment of Foreclosure and Sale, dated June 22, 2009 and entered June 29, 2009 from the New York State Supreme Court, which adjudicated the Foreclosure Action involving the subject note and mortgage and the same Property. In issuing that Foreclosure Judgment, the State Court necessarily found, *inter alia*,

21

that IndyMac possessed standing to pursue foreclosure and explicitly found that service of process on Plaintiff was proper.   Plaintiff's Complaint attempts to convolute clear facts and improperly asks this Court to sit as an appellate state court.

Plaintiff argues in his Complaint and Objection to the Motion to Dismiss that Defendant is not a "party in interest" and therefore, may not appear in this action.   Plaintiff's argument is non-sensical.   Defendant is a party in interest to an action which Plaintiff affirmatively brought against it.

To the extent that Plaintiff is attempting to assert that Defendant does not have standing to enforce the Foreclosure Judgement because the Power of Attorney is defective, that is a matter for the state court to decide if and when Defendant brings an action to enforce the Judgement. The alleged defective Power of Attorney has no effect on the validity of the Foreclosure Action or Foreclosure Judgment, and those claims are prohibited by the doctrines of *Rooker-Feldman*, *res judicata*, and the law of the case.

ii.     Standing

While Plaintiff couches his first through seventh causes of actions under various legal theories, the gravamen of these claims are the same: that Defendant was not the holder of the Note and Mortgage at the time the State Court Action was commenced.   Thus, these claims as they relate to Defendant as assignee from IndyMac all could have, and should have been raised by Plaintiff in the Foreclosure Action.   *See 83-17 Broadway*, 39 A.D.3d at 584-585.   Plaintiff has made no plausible argument that a defective power of attorney, executed after the entry of a judgment of foreclosure, somehow makes the Foreclosure Judgment defective.   Here, Defendant Defendant is not attempting to enforce the Foreclosure Judgment against the Plaintiff.   Rather,

Plaintiff is seeking the Court issue an advisory opinion that Defendant does not have standing to enforce the Foreclosure Judgment.   Thus, the Court need not address whether Defendant would have standing to assert the Foreclosure Judgment against the Plaintiff or whether the Power of Attorney is defective.

### *Filing Injunction Against Moise*

Federal courts have the inherent authority to sanction improper litigation conduct, including issuing pre-filing restrictions – i.e., enjoining future filings without leave of the court. *See Deep v. Danaher*, 393 B.R. 51, 54-55 (N.D.N.Y. 2008) (affirming bankruptcy court's order enjoining a party from filing additional pleadings in a bankruptcy case without first obtaining leave of the court).   "'[T]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)); *see In re Loy*, 380 B.R. 154, 169 (Bankr. E.D. Va. 2007); *Martin-Trigona v. Lavien (In re Martin-Trigona)*, 763 F.2d 140, 141 (2d Cir. 1985); *In re Beard*, No. 08-40272-DML-13, 2008 WL 2074082, at *6 (Bankr. N.D. Tex. May 14, 2008).   Pursuant to 28 U.S.C. § 1651(a), "enjoining litigants with abusive and lengthy histories" from filing future pleadings without first obtaining leave of the court is one restriction that can be imposed by a trial court.   *DeLong*, 912 F.2d at 1147; *Tripati*, 878 F.2d F.2d at 353.   *See also* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").

Factors that courts should consider before issuing such a restriction include:

a.  "[T]he litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;"

b.  "[T]he litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;"

c.  "[W]hether the litigant is represented by counsel;"

d.  "[W]hether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel;" and

e.  "[W]hether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).

Having considered all applicable factors in light of Moise's clear litigious and vexatious conduct, and the multiple, 8 year-long running attempts made to interfere with the lawful exercise of lawful rights and remedies under the Foreclosure Judgment, and having determined that Moise is likely to abuse the judicial process and harass other parties in the future, a pre-filing injunction is clearly appropriate here.   Thus, while Moise may appeal from this Order, he may not commence any other litigation in this or any other federal court seeking to challenge the Foreclosure Judgment, or standing of the parties to that Foreclosure Judgment to enforce the Note or Mortgage, unless he first obtains permission from this Court to do so.

## CONCLUSION

Based on the foregoing, it is hereby,

24

**ORDERED**, that Defendant's Motion to Dismiss is granted, and all claims asserted in this adversary proceeding are dismissed with prejudice; and it is further

**ORDERED**, that while Moise may appeal from this Order, he may not commence any other litigation in this or any other federal court seeking to challenge the Foreclosure Judgment, or standing of the parties to that Foreclosure Judgment to enforce the Note or Mortgage, unless he first obtains permission from this Court to do so; and it is further

**ORDERED**, that the Clerk of Court shall serve a copy of this Order on Debtor, Debtor's counsel, Defendant and Defendant's counsel; and it is further

**ORDERED**, that the Clerk of the Court shall close this adversary proceeding.



Dated: July 20, 2017
    Central Islip, New York

_____
**Alan S. Trust**
**United States Bankruptcy Judge**